UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S&D CARWASH MANAGEMENT, LLC, a Limited Liability Company,<br><br>  Petitioner,<br><br>  v.<br><br>TYLER CRUM, an individual, and on behalf of all persons similarly situated, and DOES 1 through 100, inclusive,<br><br>  Respondent. | No. 2:20-cv-00689-JAM-CKD<br><br>**ORDER DENYING PETITIONER'S MOTION TO STAY AND MOTION TO SET ASIDE** |

S&D Carwash Management, LLC operates "Quick Quack Car Wash" carwashes in several states, including California. Petition to Set Aside ("Petition") at ¶ 1, ECF No. 1. Tyler Crum, a former Quick Quack Car Wash employee, brought several state law claims against S&D Carwash in Sacramento County Superior Court— individually and as a putative class representative. Petition ¶ 11. S&D Carwash filed a petition to compel arbitration of Crum's individual claims shortly thereafter. Petition ¶ 15. The state court denied the petition without prejudice, finding that the parties' arbitration agreement designated questions of arbitrability to an arbitrator. Petition ¶ 16. An arbitrator then found the agreement compelled arbitration of Crum's

1

individual, class, and PAGA claims.  Petition ¶ 18.

Arguing the arbitrator improperly authorized class arbitration, S&D Carwash filed a petition to set aside the decision with this Court.  It also filed a motion to stay arbitration pending the Court's ruling and an ex parte application to shorten the briefing schedule on both pending requests.  ECF No. 5.  The Court denied the request for an expedited decision and set a briefing schedule for the remaining motions.  April 8, 2020 Min. Order, ECF No. 11.  Crum opposed both motions, ECF Nos. 14-15.  Having read and considered the parties' arguments, the Court DENIES S&D Carwash's petition to set aside the arbitrator's decision.  Consequently, the Court also DENIES S&D Carwash's motion to stay as MOOT.[1]

## I.  OPINION

### A.  Request for Judicial Notice

S&D Carwash requests judicial notice of (1) Crum's complaint in Sacramento County Superior Court; (2) the Sacramento County Superior court ruling on S&D Carwash's petition to compel arbitration; and (3) Honorable Jack Komar's (ret.) decision on S&D Carwash's petition to compel arbitration.  See S&D Carwash's Request for Judicial Notice ("RJN"), ECF No. 1-1.  A court may take judicial notice of "of court filings and other matters of public record," Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); see also Fed. R. Evid. 201(c).  The documents referenced are matters of public

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).

record and therefore proper subjects of judicial notice.  The Court grants S&D Carwash's request.

    B.   Jurisdiction and Abstention

"It is well settled that federal courts must have an independent basis for federal jurisdiction to hear claims under the FAA . . . and that 9 U.S.C. § 10 does not provide it." Luong v. Circuit City Stores, Inc., 368 F.3d 1109, (9th Cir. 2004).  Nor does Section 10 of the FAA "create federal question jurisdiction."  Carter v. Health Net of California, Inc., 374 F.3d 830, 833 (9th Cir. 2004).  A federal district court does, however, have federal question jurisdiction when a party petitioning for judicial review alleges an arbitrator manifestly disregarded federal law.  Id. at 836.  S&D Carwash alleges its arbitrator manifestly disregarded Lamps Plus v. Varela, 139 S. Ct. 1406 (2019) in finding that the parties' arbitration agreement unambiguously authorized class arbitration.  Petition ¶¶ 20-30.  Jurisdiction is therefore proper.

Crum contends the Court must nonetheless abstain from exercising its jurisdiction under the Colorado River abstention doctrine.  Opp'n at 14 (citing Colorado River Water Conservation District v. United States, 424 U.S. 800, 818 (1976)), ECF No. 15.  The Court disagrees.  Federal courts "have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them,' including in cases involving parallel state litigation." Seneca Ins. Co. v. Strange Land, Inc., 862 F.3d 835, 841 (9th Cir. 2017) (quoting Colo. River, 424 U.S. at 817).  "Abdication of the obligation to decide cases can be justified . . . only in [] exceptional circumstances."  Id.

3

Courts balance eight factors to determine whether exceptional circumstances exist: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. Id. at 841-42. "Any doubt as to whether a factor exists should be resolved against a stay [or dismissal]." Id. at 842 (quoting Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990)). While the second, third, fourth, and seventh Colorado River factors weigh in Crum's favor, these considerations are not so weighty that they prevail against "the balance heavily weighted in favor of [exercising] jurisdiction." See id. at 841-42. Colorado River abstention is not warranted here.

    C.   Judicial Review

Crum argues that, even if the Court has jurisdiction over S&D Carwash's petition, judicial review is premature. Opp'n to Petition ("Opp'n") at 4-10. The Court again disagrees. Neither the JAMS Policy on Employment Arbitration Minimum Standards, the FAA, nor Oxford Health Plans LLC v. Sutter, 569 U.S. 564 (2013) bar judicial review. First, as S&D Carwash argues, the parties' arbitration agreement explicitly states, "[t]he arbitrator shall conduct the arbitration in accordance with the procedures set

forth in the most recent version of the National Rules for the Resolution of Employment Disputes of the American Arbitration Association." Reply at 3-4 (citing Ex. A to Petition). The AAA Rules, not the JAMS Rule govern the arbitration below.

Moreover, the FAA does not bar judicial review. A party may seek judicial review of an arbitrator's finding that decides class claims are arbitrable. Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 670 n.2 (2010). Oxford Health, 569 U.S. at 571 did not, as Crum argues, change this. Reviewing different facts, Oxford Health and Stolt-Nielson reached different conclusions about whether an arbitrator had exceeded his authority by permitting class arbitration. See Stolt-Nielson, 559 U.S. at 684; Oxford Health, 569 U.S. at 570-72. Oxford Health did not, however, purport to limit the availability of judicial review in this context. Far from finding that the district court erred by reviewing the arbitrator's interlocutory ruling, Oxford Health upheld the district court's ruling in full. 569 U.S. at 568. The Court finds judicial review is likewise permissible here.

D.   Motion to Set Aside

Albeit permissible, judicial review of an arbitrator's decision is extremely limited. The FAA provides four grounds upon which a court can vacate an arbitration award: (1) where the award was procured by corruption, fraud, or undue means; (2) where an arbitrator evidenced partiality or corruption; (3) where the arbitrators were guilty of misconduct; and (4) where the arbitrators exceeded their power. 9 U.S.C. § 10(a). Additionally, the Ninth Circuit recognizes a fifth "non-

statutory escape valve from an arbitral award": an arbitrator's manifest disregard of the law.  Luong, 368 F.3d at 1112.

Here, S&D Carwash contends the arbitrator manifestly disregarded Lamps Plus v. Varela, 139 S. Ct. 1406 (2019). Petition ¶¶ 20-30.  To vacate an arbitral decision on this ground, "it must be clear from the record that [the] arbitrator[] recognized applicable law and then ignored it." Langstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 641 (9th Cir 2010).  S&D Carwash has not met this high bar. Lamps Plus held that an ambiguous arbitration agreement cannot "provide the necessary 'contractual basis' for compelling class arbitration."  139 S. Ct. at 1415.  Crum and S&D Carwash both agree that the arbitrator recognized Lamps Plus was the applicable law and discussed Lamps Plus at length.  Opp'n at 10; Reply at 6.  The parties diverge at S&D Carwash's conclusion that arbitrator "ignore[d] the totality of [Lamps Plus] in his actual reasoning."  Id.

The Court disagrees with S&D Carwash's assessment of the arbitrator's ruling.  The text of the parties' arbitration clause is not, as Petitioner insists, "essentially the same" as the text of the Lamps Plus agreement.  Reply at 7.  To the contrary, the agreement here expressly provides that "any and all claims" arising out of Crum's employment "including . . . class action[s] shall be submitted to final and binding arbitration."  Ex. A to RJN.  Although the agreement later prohibits Crum from participating in "a class action lawsuit for claims arising out of [his] employment" it says nothing of participating in class arbitration.  See id.  Interpreting the

6

plain meaning of this text, the arbitrator found the agreement unambiguously authorized class arbitration. Ex. C to RJN. The arbitrator's written ruling reflects an appreciation for and a good-faith application of Lamps Post. Id. This Court lacks any basis for finding this decision manifestly disregarded the law.

### E. Waiver

Finally, Crum argues S&D Carwash waived its contractual arbitration rights by seeking judicial review. Opp'n at 14-15. A party may waive its right to compel arbitration if it (1) is aware of its right to compel arbitration, (2) acts inconsistently with that right, and (3) prejudices the opposing party as a result. Bower v. Inter-Con Security Systems, Inc., 232 Cal. App. 4th 1035, 1043 (2013). Those elements are not present here. The FAA authorizes limited judicial review of arbitral decisions. A party's decision to avail itself of that review is consistent with, not contrary to, the party's right to arbitrate disputes. The Court finds S&D Carwash did not waive its right to arbitrate.

## II. ORDER

For the reasons set forth above, the Court DENIES S&D Carwash's petition to set aside. Having ruled upon this petition, the Court DENIES S&D Carwash's motion to stay arbitration pending the Court's decision as MOOT.

IT IS SO ORDERED.

Dated: May 18, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE